REQUESTED BY: Curtis A. Bromm, Saunders County Attorney, Wahoo, Nebraska.
1. If a county hospital withdraws from the County Employees Retirement System, are retired employees of such hospital entitled to continuation of prior service benefits?
2. Should such prior service benefits be paid from county funds or from county hospital funds?
3. Upon their retirement or reaching the age of 65 years, whichever is latter, should prior service benefits be paid to employees who had earned such benefits, and who were employees of the county hospital at the time of its withdrawal from the system?
1. Yes.
2. From county funds. 3. Yes, if they had ten years continuous service at the time of withdrawal.
1. You have informed us that Saunders County Hospital has elected to discontinue participation in the County Employees Retirement System, pursuant to section 23-343.122, 1977 Supp. You have inquired whether the county is still obligated to pay retirement benefits to employees who had retired prior to withdrawal.
Although you do not make it clear in your letter, we assume that you are inquiring about prior service benefits calculated pursuant to section 23-2311. So far as future service retirement benefits are concerned, they are, of course, paid by the primary carrier, and no county or county hospital funds are involved in the payment, although, of course, such funds were involved in the purchase of the annuity.
Section 23-2318, however, provides that prior service benefits shall be paid directly by the county to the retired employee. We assume you are asking whether this obligation continues as to retired employees after the county hospital withdraws from the system. We believe it clearly does. The right to receive retirement benefits is a part of the compensation an employee earns while working for the county. See Wilson v. Marsh, 162 Neb. 237, 75 N.W.2d 723 (1956). His rights are certainly completely vested at the time he retires. He cannot constitutionally be deprived of such rights. We therefore conclude that withdrawal of the county hospital from the retirement system can have no effect on the retirement benefits of a retired employee.
2. You also ask whether these prior service benefits should be paid from county funds or county hospital funds. We find no specific answer to this question, but we believe that general policy considerations and the literal language of the statute indicate that they should be paid by the county.
We have previously held that the operation of a county hospital is a function of county government, and that its employees are county employees. See Report of the Attorney General 1971-72, p. 22. The fact that a separate levy, pursuant to section 23-343.11 is made for the operation of such hospital does not change such status. Section 23-2318 provides that prior service retirement benefits shall be paid directly by the county to the retired employee. We find no statutory authorization for imposing this obligation on the county hospital.
Furthermore, there is the problem of continuity. There is no assurance that a county hospital will not, at some time, go completely out of existence. Problems might arise if it did, and there were retired employees still entitled to prior service retirement benefits. In the absence of legislative direction to the contrary, we believe the obligation should be that of the county itself.
3. A more difficult question is presented with respect to employees who had not yet retired on the date the hospital withdrew from the retirement system. We find no specific statutory provision covering such cases. Section23-343.12 does not state the consequences of withdrawal. We are therefore forced to rely on what statutory clues we have and general equitable principles.
Section 23-2318 provides in part that no prior service benefits shall be paid to any person who terminates his employment unless such person shall have been continuously employed by the county for ten or more years immediately prior to termination. As to such an employee, he receives such prior service benefit upon attaining the age of 65.
If prior service benefits are to be paid to persons with ten or more years service who voluntarily terminate service with the county, a fortiori they should be paid to an employee with similar service, and who is entitled to prior service benefits under section 23-2311, who has not terminated employment with the county hospital at the time the hospital withdraws from the system. The latter employee has taken no voluntary action which could be construed as a waiver of his rights to those benefits, and he should certainly be in no worse position than one who has voluntarily terminated his service. Therefore, as to employees with ten or more years of continuous service on the date of the hospital's withdrawal, we believe they will be entitled to prior service benefits upon attaining the age of 65, or when they retire, whichever is later. We do not believe the statutes contemplate paying prior service benefits to active employees.
It is less clear what the situation would be with respect to an employee who was entitled to prior service benefits, pursuant to section 23-2311, but who had not had ten years service on May 31, 1977, the date of withdrawal. It would be theoretically possible for such an employee to exist, since Saunders County came into the system on December 1, 1968. Prior service benefits were calculated for all employees who had one year of service before that date, and who were 25 years of age on December 1, 1968. Therefore, an employee who began service with the county between May 31, 1967 and December 1, 1967, and who was 25 years of age on December 1, 1968, would have had a prior service benefit calculated for him, but would not have had ten years continuous service by May 31, 1977.
Whether for our purposes the county hospital employees should be treated as though they had terminated service on May 31, 1977, or whether more equitable principles should be applied to them, since they cannot be said to have voluntarily relinquished their rights to a prior service benefit, is an interesting question. However, in view of the fact that such a question could involve only employees entering service between May 31, 1967, and December 1, 1967, who were 25 years of age on December 1, 1968, and who were still in service on May 31, 1977, we will not answer the question unless you inform us that such persons exist. Otherwise we would be answering a purely hypothetical question, which we do not ordinarily wish to do.